UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-10027 |
| | ) | |
| ANTHONY C. PELTS, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR REVOCATION OR MODIFICATION
## OF DETENTION ORDER

Now comes the Defendant ANTHONY C. PELTS by his attorney ROBERT A. ALVARADO, and pursuant to Title 18 U.S.C. Section 3145(b) moves this Court for the entry of an order revoking or modifying the detention order entered by United States Magistrate Judge John Gorman on June 27, 2005 and admitting the defendant to bail with conditions of pretrial release. In support defendant states as follows:

1.    On June 21, 2005 a petition to revoke Mr. Pelts' supervised release was filed alleging that Mr. Pelts violated the conditions of supervised release by consuming marijuana on three occasions during the month of April. The U.S. Probation officer who attended the first appearance hearing on June 22, 2005, Jason Hunt, indicated that a supplemental petition would be filed shortly afterward. Mr. Pelt was detained and a detention hearing was set for June 27, 2005.

2.    On June 27, 2005 Mr. Pelts was detained by Magistrate Judge Gorman after a hearing. The written detention order is a part of the court file.

3.    Defendant called Mr. Hunt as the sole witness at the hearing. He testified on direct examination that Mr. Pelts had three positive urinalysis tests for the presence of marijuana on April

1

12, 22, and 25, 2005. The defendant told Mr. Hunt that he had purchased a small amount of marijuana shortly before the first positive test and consumed it during the time period of the three positive tests. Mr. Hunt ordered defendant to obtain a drug evaluation at White Oaks, which he did. Then, defendant underwent an intensive outpatient drug program at White Oaks for approximately 6 weeks. He successfully completed the program in early June and has stayed drug-free ever since, as verified by numerous random urinalysis "drops."

4. On cross-examination the Government elicited details of an incident that allegedly occurred at Mr. Pelts' home on June 13, 2005. The facts are detailed in a draft supplemental petition to revoke provided to defendant by Mr. Hunt at the detention hearing and will not be repeated in detail here. Mr. Hunt indicated that he believed the supplemental petition would be filed shortly.

5. According to the Government's theory Mr. Pelts was allegedly engaged in some sort of a conspiracy to shoot or harm two men who were at the defendant's house to buy two television sets from him. Before the televisions could be loaded into a pickup truck driven by one of the men, some unknown man approached the passenger side of the truck, attempted to break the passenger window with a shotgun, and then fired at least one shot at the truck as the driver drove away. James Kirk, one of the men there to buy the televisions, told Mr. Hunt that he heard defendant yell "cap him" as the truck drove away.

6. Mr. Hunt acknowledged that Kirk was in the drug treatment program at White Oaks with Mr. Pelts and had pending criminal cases in Peoria County at the time. Also, Kirk and the other man did not report the incident to Peoria police for several hours afterward because they believed they might be involved in illegal activity themselves. The other man with Kirk, Harold Watson, also has a criminal record.

7. Peoria police arrested Mr. Pelts several days later but eventually released him without any formal charges involving the incident. Mr. Pelts denied to police and to Mr. Hunt that he was involved in any shooting at the house.

8. Defendant contends that the proof of defendant's involvement in the June 13th incident has not been established and should not be considered as a basis for detention here. Although the proof of the original marijuana violations is evident, Mr. Hunt acknowledged that his intent was to place Mr. Pelts on 60 days home confinement after the successful completion of the White Oaks program. In fact, Tiffany Williams, Mr. Pelts' girlfriend with whom he shares the residence at 2401 West Garden St., obtained a land line telephone in anticipation of electronic monitoring at the home. Defendant maintains that some combination of electronic monitoring/home detention is the appropriate release option pending the revocation hearing in August. At that hearing the weakness of the June 13th allegations can be exposed by cross-examination of Kirk and Watson themselves.

9. The District Court's review of the Magistrate Judge's Detention Order is *de novo*. *United States v. Tortora*, 922 F.2d 880, 883 (1st Cir. 1990); *United States v. Delker*, 757 F.2d 1390, 1392-95 (3d Cir. 1985); *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989); *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1992).

WHEREFORE, Defendant respectfully requests that this Court revoke and/or modify the detention order and to enter an order setting appropriate conditions of release.

ANTHONY C. PELTS, Defendant

BY:    s/ Robert A. Alvarado

ROBERT A. ALVARADO
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: (309) 671-7898
E-mail: robert_alvarado@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Brad Murphy, U.S. Attorney's Office, One Technology Plaza, Suite 400, Peoria, IL 61602.

s/ Robert A. Alvarado

ROBERT A. ALVARADO
Attorney for Defendant
Federal Public Defender's Office
401 Main St., Suite 1500
Peoria, IL 61602
Phone: (309) 671-7891
Fax:: (309) 671-7898
E-mail: robert_alvarado@fd.org